IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| MARILYN ROBERTS, | \* |
| | \* |
| Plaintiff, | \* |
| v. | \* |
| | \* |
| CAROLYN W. COLVIN, Acting | \*   No. 4:13CV00639-JJV |
| Commissioner, Social Security | \* |
| Administration, | \* |
| | \* |
| Defendant. | \* |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Marilyn Roberts, appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and for supplemental security income ("SSI") benefits under Title XVI of the Act. For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.  BACKGROUND**

On December 2, 2010, Ms. Roberts protectively filed for DIB and SSI benefits due to diabetes, neuropathy of feet and hands, leg problems, and issues with both ears. (Tr. 222) Ms. Roberts's claims were denied initially and upon reconsideration. At Ms. Roberts's request, an Administrative Law Judge ("ALJ") held a hearing on November 5, 2012, where Ms. Roberts appeared with her lawyer. At the hearing, the ALJ heard testimony from Ms. Roberts and a vocational expert ("VE"). (Tr. 34-70)

The ALJ issued a decision on February 27, 2013, finding that Ms. Roberts was not disabled under the Act. (Tr. 19-29) The Appeals Council granted Ms. Roberts's request for review, and issued a partially favorable decision. (Tr. 1-9)

1

Ms. Roberts, who was fifty-four years old at the time of the hearing, has a tenth grade education and past relevant work as hand packager, factory worker, car detailer, and cattle farmer. (Tr. 7, 64)

## II.   DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Ms. Roberts had not engaged in substantial gainful activity since April 1, 2009 and she had the following severe impairments: back disorder, fibromyalgia, diabetes with neuropathy and leg pain, hearing loss, hyperthyroidism, visual impairment, and carpal tunnel syndrome. (Tr. 21) However, the ALJ found that Ms. Roberts did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 23-24)

According to the ALJ, Ms. Roberts has the residual functional capacity ("RFC") to perform light work with occasional stooping and crouching and no work requiring excellent vision or hearing. (Tr. 8, 25) The VE testified that a jobs available with these limitations were housekeeper, machine tender, and inspector. (Tr. 66) Accordingly, the ALJ determined that Ms. Roberts could perform a significant number of jobs existing in the national economy, and found that she was not disabled.

## III.   ANALYSIS

### A.   Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

substantial evidence in the record as a whole to support the decision.[3] Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

**B.    Ms. Roberts's Argument for Reversal**

Ms. Roberts asserts that the Commissioner's decision should be reversed because it is not supported by substantial evidence. Specifically, Ms. Roberts contends that the ALJ (1) failed to develop the record on her mental impairment; and (2) erred in the RFC finding. (Doc. No. 12)

   1.    Mental Impairment

Ms. Roberts contends that the ALJ "discussed zero medical evidence from non-examining, examining, or treating sources directly related to [her] mental state" and points out that depression was referenced four times in her records. (*Id.*) Ms. Roberts is correct that the ALJ mentioned depression only briefly. However, even if this was error, it is harmless, since the ALJ found her "depression has no more than a minimal effect" on her ability to work. (Tr. 22) Again, it is true that depression was mentioned at several appointments in 2011. The notes from January reveal that she has a prescription for Celexa for depression that she has not filled because she was worried about the side effects. (Tr. 311) In February she got a refill on her prescription and in March she reported that the Celexa made her dizzy, so she adjusted by taking the medication at night, which resolved

---

[3]*Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4]*Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5]*Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

the issue. (Tr. 307) In October 2012, she was taking Cymbalta, but it appeared to adequately help with her depression, since no changes were made. (Tr. 426) With this prescription history, the ALJ was safe to conclude the medications resolved Ms. Roberts's depression.[6]  Finally, two non-examining state physicians found that the depression was not severe. (Tr. 318, 363) Accordingly the ALJ was justified in finding that the impairment was not severe, and a consultative exam was not necessary.[7]

    2.    RFC Finding

Ms. Roberts contends that the RFC was in error for several reasons. First, she points out that it included no mental restrictions, but, as mentioned above, the ALJ had substantial evidence to support his finding that the mental restrictions were not severe impairments. Second, Ms. Roberts alleges that the restriction of "no work requiring excellent hearing" was insufficient, since one treating doctor found that she had "moderately severe to profound hearing loss bilaterally." (Tr. 332) This argument overlooks the fact that when Ms. Roberts wears her hearing aids, she can hear pretty well. (Tr. 444, 459) Third, Ms. Roberts argues that the RFC under-represents the severity of her manipulation limitations. But, based on the medical evidence, Ms. Roberts had normal grip strength in both hands, could hold a pen and write, and could pick up a coin. (Tr. 328) Additionally, radiography revealed that both hands "are normal." (Tr. 321) Additionally, one of Plaintiff's hobbies was quilting, which involves frequent fingering and use of the hands, and her doctor even encouraged her to continue quilting. (Tr. 403) Fourth, Ms. Roberts points out that she has uncontrolled diabetes, but based on the records, she does not follow a diabetic diet nor take her

---

[6]*Gates v. Astrue*, 627 F.3d 1080, 1082 (8th Cir. 2010) (holding depression was not severe when it improved with medication).

[7]*Matthews v. Bowen*, 879 F.2d 422, 425 (8th Cir. 1989) ("The regulations, however, do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment.").

4

medications as prescribed; when she follows the treatment plan, the diabetes appears to be controlled.[8] (Tr. 47, 403, 428, 436) Finally, Ms. Roberts contends that the ALJ did not consider her standing restrictions. Again, part of the standing issues are related to her not following her medical treatment for diabetes. Additionally, the record evidences that Ms. Roberts has normal range of motion in her legs, negative straight leg raising, the ability to shop, vacuum, wash dishes, do laundry, make the bed, cook for 45 minutes to an hour, ambulate independently, and go to church three times a week. (Tr. 247, 249, 251, 307, 327, 328)

While there may be some evidence that Mr. Roberts continues to have limitations related to her impairments, the ALJ's finding that she could perform light work is supported by the record.

## IV.    CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the record as a whole to support the Commissioner's decision.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 19th day of September, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[8]*Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005) ("A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility.").